**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CONTINENTAL BANK<br><br>Plaintiff,<br><br>v.<br><br>INSOMNIA 888, CORP. and SLOBODAN BRAKOVIC<br><br>Defendants. | ) | Case No. |

**VERIFIED COMPLAINT**

NOW COMES Plaintiff CONTINENTAL BANK ("Continental"), by and through counsel, and for its Verified Complaint against INSOMNIA 888, CORP. ("Insomnia") and SLOBODAN BRAKOVIC ("Brakovic") (collectively, the "Defendants"), states as follows:

**PARTIES**

1. Continental is a state bank chartered under the laws of the State of Utah and maintains its principal place of business at 15 West South Temple, Suite 300, Salt Lake City, Utah 84101.

2. Insomnia is an Illinois corporation with its principal place of business located at 3319 W. Warner Ave., Apt. 1, Chicago, Illinois 60618.

3. Brakovic is a citizen of the State of Illinois who is domiciled at 284 Mimosa Ln., Elk Grove Village, Illinois 60007.

## JURISDICTION AND VENUE

4. Jurisdiction is appropriate in this Court pursuant 28 U.S.C. § 1332(a)(1), insomuch as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), because Insomnia's principal place of business is in this district and Brakovic resides in this district. Venue is further proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## BACKGROUND

### A. First Agreement XXX207

6. On December 2, 2021, Continental, as lender, and Insomnia, as borrower, entered into Equipment Finance Agreement No. xxx207 (the "First Agreement"), under which Continental agreed to finance: two (2) 2022 Vanguard Model VXP, VINs: 5V8VC532XNT208770 and 5V8VC5321NT208771 (the "First Equipment"). A true and correct copy of the First Agreement and Amendment to the same is attached hereto as Group Exhibit 1.

7. Pursuant to the First Agreement, Insomnia agreed to make sixty (60) consecutive monthly payments in the amount of $2,694.64 each, plus applicable taxes. *See* Group Exhibit 1, pg.1.

8. To induce Continental to enter into the First Agreement, Brakovic executed a Guaranty (the "First Guaranty"), in which Brakovic guaranteed the full and prompt payment and performance of all of Insomnia's obligations under the First Agreement. *See* Group Exhibit 1, pgs. 7-9.

9. To secure Insomnia's obligations to Continental, Insomnia granted Continental a security interest in the First Equipment. *See* Group Exhibit 1, ¶ 4.

10. Continental is the first lienholder on the Certificates of Title for the First Equipment. True and correct copies of the Certificates of Title for the First Equipment is attached hereto as Exhibit 2.

11. Insomnia failed to make the payment due July 3, 2024 under the First Agreement, and all payments thereafter.

12. Brakovic failed to make payments pursuant to the First Guaranty.

13. Failure to make timely payments is an Event of Default under the First Agreement and the First Guaranty. *See* Group Exhibit 1, ¶ 14.1.

14. Upon the occurrence of an Event of Default, Continental is entitled payment of the accelerated balance, discounted to present value at 4%, plus prejudgment interest at the rate of twenty-one percent (21%) per annum. *See* Group Exhibit 1, ¶ 15.

15. Pursuant to the First Agreement, Continental is further entitled to late fees. *See* Group Exhibit 1, ¶ 3.

16. Continental is also entitled to attorneys' fees and costs. *See* Group Exhibit 1, ¶ 15.

17. Continental has demanded payment from the Defendants under the First Agreement and First Guaranty, but the Defendants have failed or refused to make payment.

18. Continental has performed all of its obligations under the First Agreement and First Guaranty.

**B. Second Agreement XXX390**

19. On March 2, 2022, Continental, as lender, and Insomnia, as borrower, entered into Equipment Finance Agreement No. xxx390 (the "Second Agreement") (collectively with the

First Agreement, the "Agreements"), under which Continental agreed to finance: three (3) 2019 Vanguard Dry Vans, VINs: 5V8VC5326KM904600, 5V8VC5326KM902300 and 5V8VC5320KM902292 (the "Second Equipment"). A true and correct copy of the Second Agreement and Amendment to the same is attached hereto as Group Exhibit 3.

20. Pursuant to the Second Agreement, Insomnia agreed to make sixty (60) consecutive monthly payments in the amount of $2,699.25 each, plus applicable taxes. *See* Group Exhibit 3, pg.1.

21. To induce Continental to enter into the Second Agreement, Brakovic executed a Guaranty (the "Second Guaranty") (collectively with the First Guaranty, the "Guaranties"), in which Brakovic guaranteed the full and prompt payment and performance of all of Insomnia's obligations under the Second Agreement. *See* Group Exhibit 3, pgs. 7-9.

22. To secure Insomnia's obligations to Continental, Insomnia granted Continental a security interest in the Second Equipment. *See* Group Exhibit 3, ¶ 4.

23. Continental is the first lienholder on the Certificates of Title for the Second Equipment. True and correct copies of the Certificates of Title for the Second Equipment is attached hereto as Exhibit 4.

24. Continental Bank was able to repossess one (1) 2019 Vanguard Dry Van 5V8VC5326KM902300. The following Second Equipment is still in possession of Insomnia: two (2) 2019 Vanguard Dry Vans, VINs: 5V8VC5326KM904600 and 5V8VC5320KM902292 (the "Remaining Second Equipment").

25. Insomnia failed to make the payment due August 3, 2024 under the Second Agreement, and all payments thereafter.

26. Brakovic failed to make payments pursuant to the Second Guaranty.

27. Failure to make timely payments is an Event of Default under the Second Agreement and the Second Guaranty. *See* Group Exhibit 3, ¶ 14.1.

28. Upon the occurrence of an Event of Default, Continental is entitled payment of the accelerated balance, discounted to present value at 4%, plus prejudgment interest at the rate of twenty-one percent (21%) per annum. *See* Group Exhibit 3, ¶ 15.

29. Pursuant to the Second Agreement, Continental is further entitled to late fees. *See* Group Exhibit 3, ¶ 3.

30. Continental is also entitled to attorneys' fees and costs. *See* Group Exhibit 3, ¶ 15.

31. Continental has demanded payment from the Defendants under the Second Agreement and Second Guaranty, but the Defendants have failed or refused to make payment.

32. Continental has performed all of its obligations under the Second Agreement and the Second Guaranty.

## C. Total Under Agreements

33. Insomnia failed to make all timely payments due under the Agreements.

34. Brakovic failed to make payments pursuant to the Guaranties.

35. The remaining balance due under the First Agreement is $89,008.41. The remaining balance due under the Second Agreement is $97,533.98. Because of Defendant's default under the Agreements and the Guaranties, Continental has suffered damages in the total amount of $186,542.39, plus prejudgment interest and attorneys' fees and costs.

36. Due to Insomnia's default under the Agreements, Continental is entitled to the return of the First Equipment and Remaining Second Equipment (collectively, the "Equipment").

37. Continental has performed all of its obligations under the Agreements and Guaranties.

**COUNT I – BREACH OF CONTRACT**
**AGAINST DEFENDANT INSOMNIA 888, CORP.**

38. Continental re-alleges and re-asserts Paragraphs 1 through 37 of its Verified Complaint as though fully set forth herein.

39. Insomnia defaulted under the Agreements by failing to make payments when due.

40. Because of Insomnia's default under the Agreements, Continental has suffered damages in the amount of $186,542.39, plus prejudgment interest and attorneys' fees and costs.

WHEREFORE, Plaintiff CONTINENTAL BANK respectfully requests that the Court enter judgment in its favor and against Defendant INSOMNIA 888, CORP. in the amount of $186,542.39, plus prejudgment interest at the rate of twenty-one percent (21%) per annum and attorney's fees and costs, as well as all other such relief which this Court deems just.

**COUNT II – BREACH OF GUARANTY**
**AGAINST DEFENDANT SLOBODAN BRAKOVIC**

41. Continental re-alleges and re-asserts Paragraphs 1 through 40 of its Verified Complaint as though fully set forth herein.

42. Brakovic defaulted under the Guaranties by failing to make payments when due.

43. Because of Brakovic's default under the Guaranties, Continental has suffered damages in the amount of $186,542.39, plus prejudgment interest and attorneys' fees and costs.

WHEREFORE, Plaintiff CONTINENTAL BANK respectfully requests that the Court enter judgment in its favor and against Defendant SLOBODAN BRAKOVIC in the amount of $186,542.39, plus prejudgment interest at the rate of twenty-one percent (21%) per annum and attorney's fees and costs, as well as all other such relief which this Court deems just.

**COUNT III – REPLEVIN AGAINST INSOMNIA 888, CORP.**

44. Continental re-alleges and re-asserts Paragraphs 1 through 43 of its Verified Complaint as though fully set forth herein.

45. This claim is brought pursuant to Illinois Code of Civil Procedure § 19-101 et seq., made applicable to this proceeding pursuant to 28 U.S.C. § 1652.

46. Due to Insomnia's default under the Agreements, Continental is entitled to the return of the Equipment.

47. Continental has a first priority security interest in the Equipment, as reflected in the Certificates of Title for the Equipment.

48. Insomnia refuses to surrender the Equipment voluntarily.

49. Insomnia is wrongfully and unlawfully detaining the Equipment.

50. Continental has demanded the return of the Equipment from Insomnia, but Insomnia has failed or refused to return the Equipment.

51. The Equipment has not been taken for any tax, assessment, or fine levied by virtue of any law of this State, against the property of Continental, nor seized under any lawful process against the goods and chattels of Continental subject to such lawful process, nor held by virtue of any order for replevin against Continental.

52. Upon information and belief, the Equipment is located at 3319 W. Warner Ave., Apt. 1, Chicago, Illinois 60618.

53. Continental estimates that the fair market value of the Equipment is approximately $27,144.80 depending on condition, and the market.

WHEREFORE, Plaintiff CONTINENTAL BANK respectfully requests that this Court enter an Order directing the U.S. Marshals Service to use all necessary force to repossess the

Equipment, or any portion thereof, from 3319 W. Warner Ave., Apt. 1, Chicago, Illinois 60618, or wherever it may be found, and enter a judgment against INSOMNIA 888, CORP. for the value of any Equipment not so returned, plus attorneys' fees and costs, as well as all other and further relief which this Court deems just.

**COUNT VI – DETINUE AGAINST INSOMNIA 888, CORP.**

54. Continental re-alleges and re-asserts Paragraphs 1 through 53 of its Verified Complaint as though fully set forth herein.

55. Insomnia is wrongfully retaining possession and control of the Equipment.

56. Insomnia has no right, title, or interest in the Equipment.

57. Continental's right to possession of the Equipment is superior to that of Insomnia.

WHEREFORE, Plaintiff CONTINENTAL BANK respectfully requests that this Court enter an Order compelling INSOMNIA 888, CORP. to surrender the Equipment to CONTINENTAL BANK at a place and time directed by CONTINENTAL BANK within fourteen (14) days of this Court's entry of judgment.

CONTINENTAL BANK

By: /s/ Vladyslav Yuriyovych Bilyy

Debra Devassy Babu (ARDC #06282743)
Vladyslav Yuriyovych Bilyy (BAR#: 1122135)
Darcy & Devassy PC
444 N. Michigan Avenue, Suite 3270
Chicago, IL 60611
(312)784-2400 (t)
(312)784-2410 (f)
ddevassy@darcydevassy.com
vbilyy@darcydevassy.com

**VERIFICATION**

Under penalties as provided by law, the undersigned certifies that the statements set forth in the Complaint are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certified as aforesaid that he verily believes the same to be true.

Matthew McBride
Asset Manager
Continental Bank

16 Oct 2024
Date